UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>FREDERICK MICHAEL AREHART and PAULA JEAN AREHART,<br><br>            Debtors. | Case No. 17-01678-TLM<br><br>Chapter 7 |

## MEMORANDUM OF DECISION

## INTRODUCTION

Before the Court is the chapter 7 trustee's objection to Debtors' claim of exemption in an inherited IRA. Doc. No. 31. On September 26, 2018, the parties filed a statement of stipulated facts, Doc. No. 63, which the Court accepts as its factual findings. On October 24, 2018, they presented oral argument, and the matter was taken under advisement. Doc. No. 73. The following constitutes the Court's analysis of the issues and its conclusions of law. *See* Fed. R. Bankr. P. 7052, 9014.

## BACKGROUND AND FACTS

As stipulated by the parties, Michael Arehart's mother, Norma Arehart, owned an individual retirement account ("IRA"), and Michael[1] was designated as the "Transfer on

---

[1] For clarity, the Court will refer to the individuals by their first names, no disrespect is intended.

MEMORANDUM OF DECISION - 1

Death" recipient. After Norma passed away at the age of 84, and in accordance with IRS Publication 590-B, Michael caused a trustee-to-trustee transfer to occur in which Norma's IRA funds were transferred into a new IRA account named "Frederick Michael Arehart Bene of Norma A. Arehart" (hereinafter the "Inherited IRA").[2]

The Inherited IRA does not include any funds earned or deposited by Debtors. In addition, Michael is restricted from contributing any more funds to the Inherited IRA. Michael may withdraw funds from the Inherited IRA at any time, and he is required to take at least one annual disbursement from the Inherited IRA and pay taxes on those disbursed funds.

On December 19, 2017, after establishing the Inherited IRA, Debtors filed their voluntary petition for chapter 7 bankruptcy relief. On amended schedules, Debtors listed their interest in the Inherited IRA with a value of $78,875.16 and claimed it wholly exempt pursuant to Idaho Code § 11-604A. Doc. No. 22. Trustee timely objected and argued that the Inherited IRA is not protected under Idaho law.

**DISCUSSION AND DISPOSITION**

Debtors claim their exemption in the Inherited IRA under Idaho Code § 11-604A which provides:

> (1) It is the policy of the state of Idaho to ensure the well-being of its citizens by *protecting retirement income* to which they are or may become entitled. For that purpose generally and pursuant to the authority granted to the state

---

[2] Here, "Bene" is an abbreviation of "beneficiary."

MEMORANDUM OF DECISION - 2

of Idaho under 11 U.S.C. section 522(b)(2), the exemptions in this section relating to retirement benefits are provided.

(2) Unless otherwise provided by federal law, any money received by any citizen of the state of Idaho as a pension from the government of the United States, whether the money be in the actual possession of a citizen or be deposited or loaned, shall be exempt from execution, attachment, garnishment, seizure, or other levy by or under any legal process whatever. When a debtor dies, or absconds, and leaves his family any money exempted by this subsection, the money shall be exempt to the family as provided in this subsection. This subsection shall not apply to any child support collection actions, if otherwise permitted by federal law.

(3) *The right of a person to* a pension, annuity, or retirement allowance or disability allowance, or death benefits, or any optional benefit, or *any other right accrued or accruing to any citizen of the state of Idaho under any employee benefit plan*, and any fund created by the benefit plan or arrangement, *shall be exempt from execution, attachment, garnishment, seizure, or other levy by or under any legal process whatever.* This subsection shall not apply to any child support collection actions, if otherwise permitted by federal law. This subsection shall permit benefits under any such plan or arrangement to be payable to a spouse, former spouse, child, or other dependent of a participant in the plan to the extent expressly provided for in a qualified domestic relations order that meets the requirements for those orders under the plan, or, in the case of benefits payable under a plan described in sections 403(b), 408, 408A or 457 of the Internal Revenue Code of 1986, as amended, or section 409 of the Internal Revenue Code as in effect before January 1, 1984, to the extent provided in any order issued by a court of competent jurisdiction that provides for maintenance or support. This subsection shall not prohibit actions against an employee benefit plan or fund for valid obligations incurred by the plan or fund for the benefit of the plan or fund.

(4) For the purposes of this section, the term "*employee benefit plan*" means:

> (a) Assets held, payments made, and amounts payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, providing benefits by reason of age, illness, disability, or length of service;
>
> (b) *Any plan or arrangement, whether funded by a trust, an annuity contract, an insurance contract, or an individual account, that is described in sections 401(a), 403(a), 403(b), 408, 408A or 457 of the*

MEMORANDUM OF DECISION - 3

> *Internal Revenue Code of 1986*, as amended, or section 409 of the Internal Revenue Code as in effect before January 1, 1984. The term "employee benefit plan" also means any rights accruing on account of money paid currently or in advance pursuant to a college savings program described in chapter 54, title 33, Idaho Code.

Idaho Code § 11-604A(1)–(4) (emphasis added). Trustee argues that, due to its nature, Debtors' Inherited IRA does not qualify as "retirement income" under Idaho Code § 11-604A(1) and is thus not eligible to be exempted under the Idaho Code. Trustee relies in part on the Supreme Court's *Clark v. Rameker* decision. 573 U.S. 122 (2014).

In *Clark*, the Supreme Court analyzed the propriety of allowing an exemption under 11 U.S.C. § 522 in an inherited IRA. Section 522(b)(3)(C) allows an exemption in "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." The Supreme Court reasoned that to qualify for such an exemption, first, the funds must be "retirement funds" and, second, the funds must be located in one of the protected accounts. In addressing the first part of the analysis, the Court reviewed the nature of inherited IRAs and concluded that "the text and purpose of the Bankruptcy Code make clear that funds held in inherited IRAs are not 'retirement funds' within the meaning of § 522(b)(3)(C)'s bankruptcy exemption." 573 U.S. at 127. The Court reached this conclusion based on the fact that the holder of an inherited IRA is prohibited from making further contributions to the account, is required to take distributions regardless of age, and may withdraw the entire balance without penalty regardless of age. These characteristics of an inherited IRA led the Court to conclude

MEMORANDUM OF DECISION - 4

that funds within an inherited IRA were not "sums of money set aside for the day an individual stops working." *Id.* at 127–28.  Thus, inherited IRAs cannot be exempted under 11 U.S.C. § 522(b)(3)(C) because they are not "retirement funds."  Trustee argues that Idaho Code § 11-604A's stated purpose of protecting retirement income must be viewed in light of the *Clark* decision.

Debtors, on the other hand, argue that the Idaho statute is not as narrowly written as 11 U.S.C. § 522(b)(3)(C).  Idaho Code 11-604A protects a citizen's right in any employee benefit plan, and the parties do not dispute that inherited IRAs fall within the definition of employee benefit plan as they are created under either § 408(d)(3)(C) or § 408A of the Internal Revenue Code.  As Debtors have rights in the Inherited IRA, they argue they may exempt those rights.  Moreover, they rely on this Court's decision in *In re McClelland*, 2008 WL 89901 (Bankr. D. Idaho 2008), which held that inherited IRAs are exempt under Idaho Code § 11-604A.  Debtors argue that nothing in the *Clark* decision compels a different result.  This Court agrees.

As *McClelland* notes, "In drafting [Idaho Code § 11-604A], the Idaho legislature painted with a broad brush." 2008 WL 89901 at *3.  The statute provides protection to any Idaho citizen to funds in an "employee benefit account."  The statute then broadly defines an employee benefit account.  It protects more than just those plans providing benefits by reason of age, illness, disability or length of service; it protects any plan described in certain provisions of the Internal Revenue Code.  Unlike the 11 U.S.C. § 522(b)(3)(C) exemption as interpreted in *Clark*, the Idaho statute does not require a

MEMORANDUM OF DECISION - 5

finding that the funds in the account or plan be "retirement funds." Thus, while it is true that the stated purpose of the Idaho statute is to protect retirement income, as *McClelland* recognized, the language the Idaho legislature used to create the exemption captures more than an individual account owner's retirement income, it includes the beneficiaries' interest in an inherited account as well.

While this Court's prior decisions are not binding, the Court will not depart from those decisions unless presented with compelling circumstances such as a statutory amendment, a change or development in the case law, or some other factor that undermines the basis for the earlier ruling. *See In re Deboer*, 1999 WL 33486710, *3 (Bankr. D. Idaho July 20, 1999). Here, in the 10 years since *McClelland* was issued, the legislature has done nothing to suggest that Idaho's broad language was unintentional or to alter the language or narrow the exemption found in Idaho Code § 11-604A.

As noted, Trustee relies on *Clark* and he cites to a number of cases rejecting exemptions in inherited IRA's. It is true that some courts have rejected such exemptions, both before and after the *Clark* decision was issued, but those determinations were based on the language of the specific state exemption statutes at issue. Here, Idaho's broadly worded exemption statute does not impose limitations like those found in 11 U.S.C. § 522(b)(3)(c). While the Court has reviewed and evaluated the cases cited by the Trustee, and others interpreting various state exemption statutes in light of *Clark*, those cases are not compelling. In short, Trustee gives undue deference to the Supreme Court's interpretation of a federal statute in interpreting a separate state statute that uses different

MEMORANDUM OF DECISION - 6

language.  As *McClelland* found, Idaho's exemption statute is written broadly enough so as to encompass inherited IRAs.  Though presumptively aware of *McClelland* and *Clark*, the Idaho legislature has not changed the language of Idaho Code § 11-604A.

## CONCLUSION

Based on the foregoing, Trustee's objection to Debtors' claim of exemption will be overruled.  The Court will enter a separate Order consistent with this Decision.

DATED: January 10, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7